**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1886-22

GMAT LEGAL TITLE TRUST
2013-1, U.S. BANK NATIONAL
ASSOCIATION AS LEGAL
TITLE TRUSTEE,

     Plaintiff-Respondent,

v.

CARMELO A. ORTIZ,

     Defendant-Appellant,

and

JESSICA M. PEREZ, a/k/a
JESSICA SANCHEZ, and
JESSICA ORTIZ,

     Defendant.

_____

Submitted February 12, 2024 – Decided February 21, 2024

Before Judges Chase and Vinci.

On appeal from the Superior Court of New Jersey, Chancery Division, Atlantic County, Docket No. F-003185-18.

Carmelo A. Ortiz, appellant pro se.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, attorneys for respondent (Christian T. Miller, on the brief).

PER CURIAM

Defendant Carmelo A. Ortiz appeals from a January 6, 2023 Chancery Division order denying his motion to vacate default judgment and from a February 17, 2023 order denying his motion for reconsideration, claiming the trial court did not provide adequate reasons for its decision as required under Rule 1:7-4(a). We affirm.

We discern the following material facts from the record. This dispute arises from defendant's default on a note in favor of American Sterling Bank for $321,996 executed on April 15, 2008. The note was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Prospect Mortgage, on defendant's residential property located at 509 North Elberon Avenue in Atlantic City.

The mortgage was assigned multiple times, and each assignment was recorded in the Atlantic County Clerk's Office. On February 15, 2014, the mortgage was assigned to GMAT Legal Title Trust 2013-1, U.S. Bank National

Association ("GMAT"), as legal title trustee. This final assignment was properly recorded on February 15, 2014.

Defendant failed to make monthly payments starting in November 2016. GMAT filed a foreclosure complaint in February 2018. In October 2018, a final judgment of foreclosure was entered. The Atlantic County Sheriff then scheduled a sheriff's sale of the property for January 2019.

Defendant filed an initial motion to vacate the default and default judgment in November 2018. While that motion was pending, defendant filed for Chapter 13 bankruptcy, which temporarily stayed the foreclosure action. In July 2020, the bankruptcy case was dismissed. On August 25, 2021, defendant filed another Chapter 13 bankruptcy, again staying the foreclosure. The stay was vacated in June 2022, allowing the foreclosure to proceed.

In November 2022, defendant filed a motion to vacate default pursuant to Rule 4:50-1(d) and (f). The court set a January 6, 2023 hearing for oral argument on that motion. Defendant failed to appear at the hearing, and the Court entered an order denying the motion as a result.

Defendant then filed a motion to vacate the January 6, 2023 order pursuant to Rule 4:50-1(d) and (f). On February 17, 2023, defendant failed to appear again, and the court denied the motion. Before ruling, the court recounted the

3

procedural history of the matter on the record and then made findings of fact regarding the substantive motion to vacate the final judgment of foreclosure. The court properly set forth the law under Rule 4:50-1, finding "a final judgment could only be vacated upon a showing of excusable neglect and meritorious defense." The court then thoroughly analyzed both factors and concluded they were not present in this case. As such, the motions were denied.

On appeal, defendant contends the trial court's initial dismissal failed to rule on the merits. Further, on the second motion to vacate, the court did not provide an accompanying written statement of reasons denying his motion as required by Rule 1:7-4.

We review an order granting or denying vacatur of a final judgment for an abuse of discretion. United States v. Scurry, 193 N.J. 492, 502-03 (2008). An abuse of discretion arises "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)). Indeed, "[t]he trial court's determination under [Rule 4:50-1] warrants substantial deference," and the abuse of discretion must be "clear" to warrant reversal. Ibid.

4

Rule 1:7-4(a) requires courts "by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right [] . . . ." (emphasis added). Findings of fact and conclusions of law are also required on "'every motion decided by [a] written order[] . . . appealable as of right.'" Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000) (quoting R. 1:7-4(a)).

The trial court denied the original motion for defendant's failure to appear at oral argument. When defendant filed the same motion again, and failed to appear again, the trial court placed on the record both the reasons for the procedural denial of the motion and the substantive reasons the motion to vacate the default was denied. The trial court orally stated its findings and correlated them with the relevant legal conclusions as required by Rule 1:7-4.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1886-22